**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN ALLEN FLETCHER, | No. 12-55918 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-04180-JHN-JC |
| v. | |
| LEE BACA, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

California state prisoner Shawn Allen Fletcher appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging that defendants

used excessive force against him and were deliberately indifferent to his serious

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

medical needs while he was a pretrial detainee. We review de novo the district court's grant of summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We review de novo the district court's dismissal for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Fletcher's claim against defendant Baca because Fletcher failed to raise a genuine dispute of material fact as to whether Baca was personally involved in any constitutional violation or whether there was a causal connection between Baca's conduct and any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Fletcher's claim against defendant Ghaemian because Fletcher failed to raise a genuine dispute of material fact as to whether Ghaemian was deliberately indifferent when she refrained from giving Fletcher medication until there was confirmation that he was

actually prescribed that medication. *See Toguchi*, 391 F.3d at 1057-58 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; a mere difference in opinion is insufficient to establish deliberate indifference); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases[.]" (internal citation omitted)).

The district court properly dismissed the remaining claims and defendants in Fletcher's action because Fletcher failed to exhaust administrative remedies or demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *cf. Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so).

We deny Fletcher's pending motion, filed on May 20, 2013, requesting an order for subpoena.

12-55918

We grant Fletcher's pending motion, filed on June 24, 2013, requesting an extension of time to file his reply brief, and we instruct the Clerk to file the reply brief received on July 8, 2013.

**AFFIRMED.**